Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9349 | **DATE** | 9/27/2004 |
| **CASE TITLE** | KERRY M., et al vs. MANHATTAN SCHOOL DIST. #114, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants Lincoln-Way and Dr. Fries' motion to dismiss [doc. no. 13-1]. All claims against Dr. Fries are dismissed with prejudice, and all claims against Lincoln-Way are dismissed without prejudice. Defendants Manhattan School District #114, Board of Education of Manhattan School District #114, Glenn Hoffman, in his Official Capacity as Superintendent, and the Illinois State Board of Education have not moved to dismiss and thus remain. Status hearing set for 11/22/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | SEP 2 8 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | | 20 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| CG | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KERRY M. and KRISTINE M.; and KATHY M., Individually and as Next Friend of KERRY M. and KRISTINE M., <br><br> Plaintiffs, <br><br> v. <br><br> MANHATTAN SCHOOL DIST. #114; BOARD OF EDUCATION OF MANHATTAN SCHOOL DIST #114; GLENN HOFFMAN, in his Official Capacity as Superintendent; LINCOLN-WAY AREA SPECIAL EDUCATION; DR. REBECCA FRIES, in her Official Capacity as Special Education Director; and ILLINOIS STATE BOARD OF EDUCATION, <br><br> Defendants. | Judge Ronald A. Guzmán <br><br> 03 C 9349 |

DOCKETED SEP 28 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs Kerry M., Kristine M., and Kathy M. have brought a three-count Amended Complaint against defendants, Manhattan School District #114 ("Manhattan"), Board of Education of Manhattan School District #114 ("Board"), Glenn Hoffman ("Hoffman") in his official capacity, Lincoln-Way Area Special Education ("Lincoln-Way"), Dr. Rebecca Fries ("Dr. Fries") in her official capacity, and the Illinois State Board of Education ("ISBE"). Count I is an appeal of an administrative ruling in favor of Manhattan regarding a free and appropriate public education in the least restrictive environment as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Count II alleges the ruling violates the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Count III



alleges the ruling violates the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*.

Before the Court is Lincoln-Way and Dr. Fries' motion to dismiss the Amended Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants' motion contends that: (1) the claims against both Lincoln-Way and Dr. Fries should be dismissed because plaintiffs have failed to exhaust their administrative remedies against these two defendants; and (2) the claims against Dr. Fries in her "official capacity" should be dismissed because a suit against an individual in her official capacity is equivalent to a suit against the municipal entity, making these claims redundant. For the reasons set forth below, Defendants' motion to dismiss is granted.

## FACTS

Plaintiffs Kerry M. and Kristine M. ("Kerry" and "Kristine" or "the twins") are thirteen-year-old twin girls who were diagnosed with Rett Syndrome at the age of two. (Am. Compl. ¶ 7.) Rett Syndrome is a "genetic neurological and developmental disorder" which results in "severe physical disabilities and unknown cognitive ability." (*Id.*) Kerry and Kristine are non-verbal and non-ambulatory; they use voice output devices for communication and use wheelchairs at school and a "Convaid Cruiser" at all other times for transportation. (*Id.*) The twins experience "significant delays in fine and gross motor skills" and "cognitive delays" due to Rett Syndrome. (*Id.* ¶ 30.) Because of their physical and communication difficulties, the twins' cognitive abilities cannot be accurately measured on standardized tests. (*Id.* ¶¶ 7, 30.) The twins also experience health problems, "including seizures, apnea, and nosebleeds." (*Id.* ¶ 31.)

At all relevant times, Kerry and Kristine's mother, Kathy M., has been a legal resident and taxpayer in the Manhattan Public School District #114 ("Manhattan"). (*Id.* ¶ 9.) Plaintiffs

2

allege that pursuant to state and federal law, including the IDEA and the Rehabilitation Act, Manhattan and Board are responsible for ensuring that students with disabilities receive a free and appropriate public education in the least restrictive environment. (*Id.* ¶¶ 9-10.) Plaintiffs further allege that Lincoln-Way is a "cooperative or joint agreement" charged with the same obligations and duties as a school district under state law and thus is also responsible for satisfying the IDEA's mandate of a free and appropriate public education in the least restrictive environment. (*Id.* ¶ 12.)

In addition, Plaintiffs allege that as the Director of Special Education for Lincoln-Way, Dr. Fries is responsible for "ensuring that all students who are eligible for services under either the IDEA or Section 504" receive a free and appropriate public education in the least restrictive environment. (*Id.* ¶ 13.) Plaintiffs also allege that Dr. Fries is responsible for managing "all funds given to Lincoln-Way by Manhattan" and "any funds received from federal and state agencies." (*Id.* ¶ 73.)

In 1993, Lincoln-Way and Manhattan, "through their respective agents[,] [defendants] Dr. Fries and Mr. Hoffman," placed the twins at United Cerebral Palsy School ("UCP") in Joliet, Illinois. (*Id.* ¶ 34.) However, "[f]rom the beginning of their education, [their parent] has sought the placement of [the twins] in an educational environment where they could interact with age-equivalent non-disabled peers." (*Id.* ¶ 32.) UCP "does not have in its enrollment any children who do not have disabilities." (*Id.* ¶ 35.) Despite repeated requests by their parent for a change of placement, the twins' primary educational placement continues at UCP, with one to two hours a week spent in regular public school for non-academic activities. (*Id.* ¶¶ 34, 36-38.)

Defendant Manhattan sent the twins' parent a letter, dated July 11, 2002, stating that Kerry and Kristine would not be "mainstreamed" during the 2002-03 school year and that "the

3

curriculum does not lend itself to being an appropriate placement for the girls." (*Id.* ¶ 39.) At a July 30, 2002 meeting, staff from Manhattan, Lincoln-Way, and UCP determined that the twins' educational placement would continue at UCP and "reaffirmed their decision that mainstreaming would no longer occur in any form for either girl." (*Id.* ¶ 40.) In response, on August 9, 2002, Plaintiffs sent Manhattan two requests for due process hearings (one for each girl) and a third request that the two hearings be consolidated into one. (*Id.* ¶ 41.) ISBE assigned a mediator to the two cases, and as a result of the September 24, 2002 mediation process, Defendants agreed that the twins could attend Manhattan Junior High School for choir twice a week. (*Id.* at ¶¶ 44-45.)

On November 18, 2002, the two administrative due process hearings were consolidated into one hearing under the jurisdiction of Impartial Hearing Officer ("IHO") Charles Aschenbrenner. (*Id.* ¶ 47.) The due process hearing was conducted over fourteen days, on May 13-16, May 19-20, June 26-27, June 30-July 3, and July 17-18, 2003. (*Id.* at ¶ 52.) This hearing revolved around the issue of "[w]hether the district violated the [IDEA] by failing to provide [free and appropriate public education] in the [least restrictive environment] by placing 'the twins' in a segregated facility with no opportunity to interact with non-disabled peers and a lack of appropriate programming." (Am. Compl., Ex. A, Opinion of Ruling of Ill. State Bd. of Educ. Impartial Due Process Hearing at 3.)

In preparation for the hearing, Plaintiffs obtained evaluations, observations, and assessments of the twins and their educational environment from numerous "independent educational experts." (*Id.* ¶ 48.) During the hearing, Plaintiffs called as witnesses all of the independent educational experts, a licensed clinical professional counselor who has extensive experience with Rett Syndrome, and the twins' neurologist and pediatrician. (*Id.* ¶¶ 55-57.)

4

Many personnel were also called as witnesses, including "nurses, psychologists, and social workers from [UCP], Manhattan, and Lincoln-Way," and "various administrative personnel from Lincoln-Way including Dr. Fries." (*Id.* ¶¶ 58-59.)

On September 5, 2003, following an impartial due process hearing titled *In the Matter of Kerry M[.] [and] Kristine M[.] and Manhattan Elementary School District No. 114*, IHO Aschenbrenner rendered a Final Decision and Order stating: "1) The parent is not granted any relief or issued any finding in this case. 2) The school district is found to be in compliance in regard to all issues of this case." (Am. Compl., Ex. A, Final Decision and Order of Ill. State Bd. of Educ. Impartial Due Process Hearing ("Final Decision and Order").) Under the heading "Finality of Decision," the order reads: "The decision shall be binding upon the parties unless a civil action is commenced." (*Id.*)

Plaintiffs subsequently filed this suit in federal district court on January 5, 2004, naming as defendants Manhattan School District, Manhattan's Board of Education, Manhattan's Superintendent Hoffman in his official capacity, Lincoln-Way, and Lincoln-Way's Special Education Director Dr. Fries in her official capacity. Plaintiffs contend that the administrative ruling is contrary to the meaning and intent of the IDEA and violates the ADA and Section 504 of the Rehabilitation Act. Further, Plaintiffs request that this Court review the administrative record and reverse the Opinion of Ruling of Illinois State Board of Education's Impartial Due Process Hearing.

## DISCUSSION

The IDEA, 20 U.S.C. § 1400 *et seq.*, was enacted by Congress "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes

special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A). Under the IDEA, state educational agencies receiving federal funds must provide a free appropriate public education ("FAPE") to children with disabilities. 20 U.S.C. § 1412(a)(1)(A). States must attempt to place the disabled child in the least restrictive environment ("LRE"), meaning that the child must be educated with his non-disabled peers to the "maximum extent appropriate." 20 U.S.C. § 1412(a)(5)(A). IDEA requires school officials, teachers, and the disabled student's parents to meet to discuss and develop an individualized education plan ("IEP") for the child. 20 U.S.C. § 1414(d). The IEP details the child's educational level, performance, and goals, and functions as the "governing document for all educational decisions concerning the child." *Bd. of Educ. of Comm. High Sch. Dist. No. 218 v. Ill. State Bd. of Educ.*, 103 F.3d 545, 546 (7th Cir. 1996).

Further, the IDEA requires state and local education agencies receiving IDEA funds to establish procedures to ensure that disabled children and their parents are informed of decisions affecting the child's education and given an opportunity to contest those decisions. 20 U.S.C. § 1415(a); *see Corey H. v. Bd. of Educ. of City of Chi.*, 995 F. Supp. 900, 907 (N.D. Ill. 1998). When a parent has filed a written notice of his IDEA-related complaint, the state or local educational agency must conduct an impartial due process hearing. 20 U.S.C. § 1415(f)(1). Any party aggrieved by the decision and findings of the due process hearing may appeal. 20 U.S.C. § 1415(g). When the due process hearing is conducted by the local educational agency, the aggrieved party must appeal to the state educational agency. *Id.* However, if the due process hearing was conducted by the state educational agency, the aggrieved party may appeal by bringing a civil action. 20 U.S.C. § 1415(i)(2). Before the plaintiff may file a civil action based on IDEA violations in federal district court, he is required to exhaust his administrative

remedies. *Family & Children's Ctr., Inc. v. Sch. City of Mishawaka*, 13 F.3d 1052, 1056 (7th Cir. 1994). Further, a plaintiff who files a civil action under another statute protecting children with disabilities must exhaust his administrative remedies to the same extent required by the IDEA if the relief he seeks is also available under IDEA. 20 U.S.C. § 1415(*l*); *see Charlie F. v. Bd. of Educ. of Skokie Sch. Dist. 68*, 98 F.3d 989 (7th Cir. 1996).

A motion to dismiss for failure to exhaust the administrative remedies provided by the IDEA is properly addressed by a Rule 12(b)(6) motion. *Deveaux v. Vallas*, No. 01 C 1422, 2001 WL 699891, at *2 n.1 (N.D. Ill. June 21, 2001); *see Charlie F.*, 98 F.3d at 991 (holding that failure to exhaust administrative remedies does not deprive a court of jurisdiction because such argument normally is waivable). A Rule 12(b)(6) motion does not address the merits of the plaintiff's case; instead, it tests the sufficiency of the complaint. *Autry v. Northwest Premium Servs.*, 144 F.3d 1037, 1039 (7th Cir. 1998). A complaint should only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court assumes all well-pleaded facts in the complaint to be true and draws all reasonable inferences in the plaintiff's favor. *Ogden Martin Sys., Inc. v. Whiting Corp.*, 179 F.3d 523, 526 (7th Cir. 1999). However, the court is not required to accept as true conclusions of law or unsupported conclusions of fact alleged in the complaint. *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 614 (7th Cir. 2001).

The Decision and Order of the IHO, titled *In the Matter of Kerry M[.] [and] Kristine M[.] and Manhattan Elementary School District*, is attached to Plaintiffs' complaint as Exhibit A. (Am. Compl., Ex. A, Decision and Order.) Pursuant to Rule 10(c), exhibits attached to the complaint are considered as part of the complaint for all purposes. Fed. R. Civ. P. 10(c). Thus,

the Court will review and consider the Decision and Order in ruling on the defendants' motion to dismiss.

I. **Claims Against Defendant Dr. Fries in Her Official Capacity Are Dismissed**

Plaintiffs have sued both Lincoln-Way and Dr. Fries in her official capacity as Lincoln-Way's Special Education Director. Defendants' motion to dismiss contends that "a suit against an individual in his official capacity is equivalent to a suit against the municipal entity." (Defs.' Mem. Supp. Mot. Dismiss at 8.) Plaintiffs respond that their claims against Dr. Fries in her official capacity "may be construed as claims against Lincoln-Way, but as such [do] not require dismissal." (Pls.' Resp. Mot. Dismiss at 8.) Defendants argue that the claims against Dr. Fries in her official capacity are "duplicative" and should be dismissed as redundant because her employer Lincoln-Way is also being sued. (Defs.' Reply Mem. Supp. Mot. Dismiss at 3.) For the following reasons, the Court agrees.

In *Kentucky v. Graham*, the Supreme Court held that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). The Court further noted that an official capacity suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* Plaintiffs contend that the holding in *Graham* does not require dismissal of their claims against Dr. Fries. *Graham* did not address whether claims against an individual in his official capacity should be dismissed as redundant when the municipal entity is also sued but concerned whether a plaintiff could recover damages from a governmental entity when he sued the entity's employees in only their personal capacities. *Id.* at 161, 166. Thus, Plaintiffs are correct that *Graham* does not require

8

dismissal of Plaintiff's claims against Dr. Fries.

However, building on *Graham's* holding that a suit against an individual in his official capacity is equivalent to a suit against the municipal entity, courts have dismissed these types of claims as redundant. *See Kiser v. Naperville Cmty. Unit*, 227 F. Supp. 2d 954, 960 (N.D. Ill. 2002) (dismissing claims against defendants sued in their official capacity; holding that when the entity itself is sued, naming individual defendants in their official capacities "serves no legitimate purpose"); *Admiral Theatre v. City of Chi.*, 832 F. Supp. 1195, 1200 (N.D. Ill. 1993) (holding that "[w]here the unit of local government is sued as well, the suit against the officials is redundant and should therefore be dismissed"); *see also Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987) (citing *Graham* and stating that where plaintiff also sued the city, "nothing was added by suing the mayor in his official capacity").

Following these cases, the Court agrees that plaintiff's claims against Dr. Fries in her official capacity are redundant and unnecessary. Any IDEA obligations that Dr. Fries might hold in her official capacity as Special Education Director are derivative of her employer Lincoln-Way's IDEA obligations as a special education cooperative. Therefore, any claims against Dr. Fries in her official capacity are dismissed and hereinafter will be analyzed as claims against Lincoln-Way.

## II.    Claims Against Defendant Lincoln-Way Are Dismissed for Failure to Exhaust Administrative Remedies

Before filing a civil suit alleging IDEA violations, plaintiffs are required to exhaust the administrative remedies available under that statute. *Family & Children's Ctr.*, 13 F.3d at 1056. Further, IDEA provides that before filing a civil action under the ADA or the

9

Rehabilitation Act seeking relief which is also available under the IDEA, plaintiffs must exhaust IDEA's procedures "to the same extent as would be required had the action been brought under" IDEA. 20 U.S.C. § 1415(*l*). Because plaintiffs do not argue that they seek relief unavailable under IDEA, all three counts of the complaint will be analyzed together as seeking IDEA relief.

The purposes of requiring exhaustion of administrative remedies include: "(1) permitting an agency to exercise its discretion and expertise; (2) developing technical issues and a factual record prior to judicial review; (3) preventing circumvention of agency procedures; and (4) avoiding unnecessary judicial review by allowing agencies to correct errors." *Kubistal v. Hirsch*, No. 98 C 3838, 1999 WL 90625, at *5 (N.D. Ill. Feb. 9, 1999) (citing *Bills v. Homer Consol. Sch. Dist. No. 33-C*, 959 F. Supp. 507 (N.D. Ill. 1997)). Nevertheless, courts have recognized exceptions to the exhaustion doctrine, and where a prospective plaintiff can show that pursuit of administrative remedies would be futile or inadequate, courts will not require exhaustion. *Honig v. Doe*, 484 U.S. 305, 326-27 (1988). However, Plaintiffs in this case do not argue that pursuit of administrative remedies against Dr. Fries or Lincoln-Way would be futile or inadequate, and thus, the Court will not address the exceptions to the general rule of exhaustion.

Defendant Lincoln-Way requests that all three counts of Plaintiffs' complaint be dismissed for failure to exhaust administrative remedies. Defendant contends that because Lincoln-Way was not a party to the underlying administrative due process hearing, Plaintiffs have not yet exhausted administrative remedies with respect to Lincoln-Way. For the following reasons, the Court agrees.

Courts in the Seventh Circuit have not yet addressed whether a plaintiff seeking judicial review of an IDEA administrative hearing must exhaust administrative remedies against *all* defendants named in the civil suit. However, courts outside the Seventh Circuit have considered

10

the issue and have held that a plaintiff is required to exhaust IDEA's administrative remedies as to all defendants against whom he seeks relief available under IDEA. *Eddins v. Excelsior ISD*, No. 9:96-CV-108, 1997 WL 470353, at *10 (E.D. Tex. Aug. 6, 1997), *aff'd*, 33 Fed. Appx. 703 (5th Cir. 2002). Courts have also held that the proper defendant in an IDEA appeal is the party named at the administrative hearings. *Van Duyn v. Baker Sch. Dist. 5J Sch. Bd.*, No. CIV. 02-1060-ST, 2003 WL 23538010, at *3 (D. Or. Jan. 30, 2003); *see McGraw v. Bd. of Educ. of Montgomery County*, 952 F. Supp. 248, 254-55 (D. Md. 1997).

Defendants rely on *Eddins v. Excelsior ISD*, a case in which a federal district court in Texas dismissed the plaintiffs' IDEA claims against a special education cooperative and a local school district for failure to exhaust administrative remedies. 1997 WL 470353, at *10. The *Eddins* court held that the plaintiffs had not exhausted administrative remedies against these two defendants because they were not parties to the administrative hearings or settlements. *Id.* The court further noted that requiring the plaintiffs to first pursue an administrative hearing "would develop a record as to what responsibilities, if any, each entity had to [the plaintiffs] under federal statutes and implementing state laws. The administrative process would have sorted out those duties, if any, and developed a record as to the roles of each entity." *Id.*

Additionally, in *Van Duyn v. Baker School District 5J School Board*, a federal district court in Oregon dismissed an IDEA claim against a school board named as the sole defendant. 2003 WL 23538010, at *3. The court noted that under Oregon law, the district bears the primary IDEA responsibility and reasoned that dismissal of the claim against the board was proper because "the district, not the board, was the party to the underlying administrative proceedings." *Id.* at *3-4. The *Van Duyn* plaintiff argued that he merely completed the due process hearing request form and did not himself name the district as the defendant in the administrative

11

proceedings, but the court responded:

> Regardless of whether plaintiff or the hearings officer chose to name the District as the real party in interest, the District is the party named in the Final Order. Because this proceeding is in the nature of an appeal from that Final Order, 29 U.S.C. § 1415(i)(2)(A), plaintiff cannot change the defendant at this point.

*Id.* at *4. The court thus dismissed the complaint as to the board.

The issue presented at the due process hearing was "[w]hether *the district* violated the [IDEA] . . . by placing 'the twins' in a segregated facility . . . ." (Am. Compl., Ex. A, Decision and Order at 3 (emphasis added)). The text of the IHO's Decision and Order continually focuses on the views, positions and arguments of "the school district" versus those of "the parent." For example: "The parent maintains that the school district has failed to mainstream Kerry M. and Kristine M. to the maximum extent appropriately [sic] and therefore has failed to provide 'the twins' with FAPE in the [LRE]." (*Id.* at 27.) Nowhere does the Decision and Order address complaints or concerns specific to Lincoln-Way's performance of IDEA obligations. Moreover, Plaintiffs do not allege in their Amended Complaint that Lincoln-Way was a defendant in the proceedings below or that the IHO utterly failed to adjudicate any claims against Lincoln-Way. Plaintiffs merely allege that they amended the issues during the due process hearings. (Am. Compl. ¶ 33.) Significantly, Plaintiffs do not allege that they amended the *parties* during the due process hearings.

As in *Van Duyn*, Lincoln-Way was not named as a defendant in the due process hearing or in the IHO's final order. The order names only the twins and Manhattan as parties; the order also states: "Based on the preponderance of the evidence, it is the finding of this hearing officer that [the twins] were provided a free and appropriate education in the least restrictive environment [for the relevant school years] by the Manhattan Elementary School District #144."

(*Id.* at 1, 32.) Although representatives from Lincoln-Way, including Dr. Fries, attended, testified, and were represented by counsel at the due process hearing (Am. Compl. ¶¶ 58-59; Pls.' Resp. Mot. Dismiss at 6-7), this does not mean that they were *parties* to the hearing.

Rather, in an IDEA due process hearing, the IHO hears witness testimony from many individuals and experts as to the disabled child's needs, educational difficulties, proposed solutions to those difficulties, and the appropriate educational placement for the child. *See, e.g., Keith H. v. Janesville Sch. Dist.*, 305 F. Supp. 2d 986, 990-91, 995, 997-98 (W.D. Wis. 2003) (discussing testimony from disabled child's teachers regarding his academic progress and testimony from various experts as to his attitude, emotional state, and educational needs). Because Lincoln-Way was not a party to the administrative proceedings, it cannot now, on an appeal of that order, be named as a defendant. *See Van Duyn*, 2003 WL 23538010, at *4. *Cf. Reid v. Bd. of Educ., Lincolnshire-Prairie View Sch. Dist. 103*, 765 F. Supp. 965, 969 (N.D. Ill. 1991) (holding that because the Illinois State Board of Education was not a party to administrative proceedings under the Education of the Handicapped Act (IDEA's precursor), it could not subsequently be held liable for attorneys' fees incurred in those proceedings).

To hold that testifying individuals and experts not named as defendants in the final decision order are parties to the due process hearing would be to authorize suit against a multitude of individuals who have not had the opportunity to defend themselves at the administrative level. Plaintiffs alleging IDEA violations or seeking relief available under the IDEA must first pursue administrative remedies. Here, although Plaintiffs allege IDEA violations by Lincoln-Way, Lincoln-Way has not yet had the opportunity to present arguments and defenses *on its own behalf* to an administrative hearing officer.

Therefore, the Court holds that plaintiffs seeking IDEA relief in federal district court

must first exhaust administrative remedies as to all parties against whom they wish to bring a civil suit. Requiring exhaustion of administrative remedies as to all prospective defendants serves dual purposes. First, it ensures that all parties are provided an opportunity to defend themselves at the initial, administrative level before being haled into federal court; and second, it serves to develop a complete administrative record as the duties and responsibilities of each entity. The Amended Complaint is thus dismissed without prejudice as to Lincoln-Way for failure to exhaust administrative remedies.

## CONCLUSION

For the foregoing reasons, the Court grants Lincoln-Way and Dr. Fries' motion to dismiss [doc. no. 13-1]. All claims against Dr. Fries are dismissed with prejudice, and all claims against Lincoln-Way are dismissed without prejudice. Defendants Manhattan School District #114, Board of Education of Manhattan School District # 114, Glenn Hoffman, in his Official Capacity as Superintendent, and the Illinois State Board of Education have not moved to dismiss and thus remain.

**SO ORDERED**　　　　　　　　　　　　　　　　　　**ENTERED:** 9/27/04

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Ronald A. Guzman
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**HON. RONALD A. GUZMAN**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Judge**